# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JASON WILLIAM MAXWELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-0266 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Petitioner, Jason William Maxwell, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a 2000 state felony conviction for murder. Respondent filed a motion for summary judgment, (Docket Entry No. 4), with a copy of the state court record. Maxwell, with the assistance of counsel, filed a response. (Docket Entry No. 6). Based on careful consideration of the pleadings; the motion and response; the record; and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I.      Background**

A jury found Maxwell guilty of the felony offense of murder. (Cause Number 811704). On May 12, 2000, the court sentenced Maxwell to life imprisonment. The First Court of Appeals of Texas affirmed Maxwell's conviction on March 7, 2002. That court summarized the evidence, as follows:

> Appellant shot his mother and stepfather while they slept. Only the mother survived. During the ensuing investigation, appellant gave a written and an oral (recorded) statement, State's exhibits six and seven, respectively. The trial judge overruled appellant's motion to suppress these statements.

*Maxwell v. State,* No. 01-00-00708-CR, 2002 WL 356530 (Tex. App. -- Houston [1st Dist.] 2002, pet. ref'd) (not designated for publication).

The Texas Court of Criminal Appeals refused Maxwell's petition for discretionary review on October 23, 2002. Maxwell did not file an application for state habeas corpus relief.

On January 20, 2004, this court received Maxwell's federal petition. Maxwell contends that his conviction is void because his statements to the police were improperly admitted at trial, in violation of the Fourth Amendment. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 3).

## II.     The Applicable Legal Standards

Maxwell's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits." An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).

The AEDPA provides as follows, in pertinent part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)
>
>> (1)  In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A state court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495

(2000). A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. In deciding whether a state court's application was unreasonable, this court considers whether the application was "objectively unreasonable." *Id.* at 1495; *Penry v. Johnson,* 215 F.3d 504, 508 (5th Cir. 2000). Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1), which mandates that findings of fact made by a state court are "presumed to be correct," overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, they must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

Maxwell is a *pro se* petitioner. In this circuit, *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings filed by lawyers. *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets Maxwell's state and federal habeas petitions. *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

### III.  The Claim Based on a Violation of the Fourth Amendment

Maxwell asserts that statements he made while in police custody were improperly admitted at trial. He argues that the trial and appellate courts erred in finding that he was not in custody when he made the statements.

Maxwell is precluded from relitigating his Fourth Amendment claim in this federal habeas proceeding because the State provided him an opportunity for full and fair litigation of the claim in state court. When such an opportunity is provided, a state prisoner may not secure federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Stone v. Powell,* 428 U.S. 465, 494 (1976). The Fifth Circuit has interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (quoting *Caver v. Alabama,* 577 F.2d 1188, 1192 (5th Cir.1978)). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Caver,* 577 F.2d at 1192.

Under *Stone,* search and seizure claims cannot be a basis for federal habeas relief unless the petitioner presents sufficient "allegations that the processes provided by the state to fully and fairly litigate Fourth Amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits." *Williams v. Brown,* 609 F.2d 216, 220 (5th Cir. 1980). If the state court record reflects that the petitioner's opportunity to challenge the introduction of evidence was "not circumscribed," a federal habeas court will not "scrutinize a state court's application of fourth amendment principles." *Billiot v. Maggio,* 694 F.2d 98, 100 (5th Cir. 1982).

Texas law provided Maxwell a full opportunity to litigate his Fourth Amendment claims through pretrial and trial motions to suppress evidence. TEX. CODE CRIM. PROC. art. 28.01, § 1(6). *See also Self v. Collins*, 973 F.2d 1198, 1208 (5th Cir. 1992) (finding claim barred by *Stone* because the petitioner did not challenge the legality of his arrest, the state had no reason to prove otherwise, and the Texas state courts had no opportunity to consider the issue), *cert. denied*, 507 U.S. 996 (1993).

The record also shows that Maxwell availed himself of the opportunity to litigate Fourth Amendment issues. On July 29, 1999, Maxwell filed three motions to suppress the results of the atomic absorption test, Maxwell's oral statement given at the scene, and his written statement given at the police station. (Clerk's Record, Vol. I, pp. 5-16). The trial court conducted a hearing on the motions to suppress and denied the motions. (*Id*. at 9-12, 17-18). The trial court heard testimony that after a law enforcement officer bagged Maxwell's hands for the atomic absorption test that homicide detectives would administer

when they arrived. (Reporter's Record, Vol. II, p. 61). The officer told Maxwell what he was doing. The officer secured the bags by handcuffing Maxwell, by most accounts behind the back, because Maxwell was "active" and "agitated" and because there was no tape available. (*Id.*). The trial court admitted results of the atomic absorption test to be admissible. (Reporter's Record, Vol. II, p. 207). The court also found that Maxwell was not in custody. His oral statement given at the scene was admitted. (*Id.* at 209). The court found that Maxwell voluntarily went to the police station to give a statement, and admitted that statement. (*Id.*).

Maxwell has not shown that the state court's process of litigating Fourth Amendment claims is routinely or systematically applied in such a way as to prevent actual litigation of such claims, or that it was so applied in his case. Maxwell's Fourth Amendment challenge to his arrest is not a basis for federal habeas relief because the state court provided an opportunity for "full and fair" litigation of that challenge. *Stone,* 428 U.S. at 494.

**IV.    Conclusion**

Respondent's Motion for Summary Judgment, (Docket Entry No. 4), is GRANTED. Maxwell's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make

a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied a claim on procedural grounds, however, the petitioner must also demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. As the Supreme Court made clear in its recent decision in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id*. at 1042.

Because Maxwell has not made the necessary showing, this court will not issue a COA.

SIGNED on May 6, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge